UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT McDONALD,<br><br>               Plaintiff,<br><br>     v.<br><br>STATE OF WASHINGTON; CHRISTIE LAWLER; JOE GUNTER; GARY FORD; ANDREW SAWYER; RICHARD MORGAN; EDLDON VAIL; JAMES THATCHER; TANA SOUTHERLAND; AND DOES 1 THROUGH 100,<br><br>               Defendants. | No. CV-12-5089-EFS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER, AND GRANTING PLAINTIFF'S MOTION TO INCREASE NUMBER OF RFPS AND INTERROGATORIES** |

    Before the Court, without oral argument, are Defendant State of Washington's (hereinafter, "State") Motion for Protective Order, ECF No. 25, and Plaintiff Scott McDonald's Motion to Increase Number of Requests for Production and Interrogatories, ECF No. 29.  After reviewing the filings and relevant authority, the Court is fully informed.  For the reasons set forth below, the Court grants Mr. McDonald's motion and denies the State's motion.

    A party is limited to "no more than 25 written interrogatories, including all discrete subparts" unless otherwise stipulated by the parties or ordered by the Court.  Fed. R. Civ. P. 33(a)(1).  In regard

**ORDER** - 1

to requests for production (RFP), the parties agreed to seventy RFPs. ECF No. 21.

In his First Request for Production to Defendant State of Washington (hereinafter, "First Written Discovery Request," Mr. McDonald included sixty-three RFPs.  Thereafter, in his First Interrogatories and Second Requests for Production to Defendant State of Washington (hereinafter, "Second Written Discovery Request"), Mr. McDonald labeled eight interrogatories and two RFPs.

In its Motion for Protective Order, the State argues Mr. McDonald's Second Written Discovery Request truly constitutes twenty-six interrogatories (not eight) and eleven RFPs (not two) because there are ten separate subparts to Interrogatory Nos. 1 and 2 and RFP No. 64.  For instance, Interrogatory No. 1 states:

> Please state in detail the facts, respectively, upon which you base your [sic] each of the affirmative defenses contained in your answer on file herein. (Currently contained in para. XI of ECF No. 16.)  For each such defense, please state whether it is actually a contention that you, specifically, are making, and whether you contend that it applies to the Plaintiff's negligence cause of action, section 1983 cause of action or both.

ECF No. 26 at 2.  Mr. McDonald disagrees that Interrogatory Nos. 1 and 2 and RFP No. 64 should be considered to each have ten subparts because each discovery request simply seeks the same information pertaining to the State's affirmative defenses.

The Court agrees with the State's position.  Interrogatory Nos. 1 and 2 and RFP No. 64 each have ten separate subparts given that they seek information regarding the State's ten distinct affirmative defenses.  Therefore, Interrogatory Nos. 1 and 2 constitute twenty

**ORDER** - 2

1 interrogatories.  When adding the six other interrogatories,
2 Interrogatory Nos. 3-8, served by Mr. McDonald, the total number of
3 interrogatories equals twenty-six: one over Rule 33(a)(1)'s
4 limitation.  And Mr. McDonald's RFPs total seventy-four: sixty-three
5 RFPs in the First Written Discovery Request and eleven in the Second
6 Written Discovery Request.

7 Given the number of the State's affirmative defenses, the Court
8 finds good cause to permit an extension of Rule 33(a)(1)'s limitation.
9 As requested by Mr. McDonald in his Motion to Increase Number of
10 Requests for Production and Interrogatories, the Court increases the
11 number of interrogatories to forty-five and RFPs to eighty.  This
12 extension does not unduly burden the State.

13 Prior to filing its Motion to Compel, the State asked Mr.
14 McDonald to stipulate that 1) Interrogatory No. 1 constitutes 10
15 separate interrogatories, 2) Interrogatory No. 2 constitutes 10
16 separate interrogatories, and 3) RFP No. 64 constitutes 10 separate
17 RFPs.  Mr. McDonald declined to so stipulate.  Mr. McDonald's
18 declination is difficult to understand.  In the future, it would be
19 prudent for counsel to consider accepting such a stipulation to
20 eliminate the need for the motions practice that followed, and
21 resulting attorney's fees and court time.

22 Accordingly, **IT IS HEREBY ORDERED**:

23 1. The State's Motion for Protective Order, **ECF No. 25**, is
24    **DENIED**.

25 //

26 /

**ORDER** - 3

2. Plaintiff's Motion to Increase Number of Requests for Production and Interrogatories, **ECF No. 29**, is **GRANTED**.

**IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies of the Order to counsel and Mr. Pontarolo.

**DATED** this 28th day of June 2013.

                        s/Edward F. Shea
                          EDWARD F. SHEA
        Senior United States District Judge

Document1
**ORDER** - 4